**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

RUSSELL E. WALKER, )
)
        Plaintiff, ) C.A. No.: N13C-09-152 EMD
)
      v. )
)
CITY OF NEW CASTLE, JOHN LLOYD, ) TRIAL BY JURY OF TWELVE
et al., ) DEMANDED
)
        Defendants. )

Submitted: April 29, 2014
Decided: June 23, 2014

**MEMORANDUM OPINION**

Upon Defendants City of New Castle and John Lloyd's
Motion for Judgment on the Pleadings
**GRANTED**

**DAVIS, J.**

**INTRODUCTION**

      This is a civil action. Plaintiff Russell E. Walker contends that Defendants City of New

Castle ("New Castle") and John Lloyd, among others, caused damage to him and his property

(two residences formerly owned by Mr. Walker) through numerous violations of the Delaware

Fair Housing Act and United States Constitution as well as other alleged wrongs. Many of Mr.

Walker's allegations stem from code violations issued by Mr. Lloyd, who is a code enforcement

officer for New Castle. The two properties are located at 637 and 717 Clymer Street in New

Castle, Delaware. Mr. Walker rented these residences to mentally disabled individuals and other

minorities in what he refers to as "family style" housing.

On a previous Motion for Judgment on the Pleadings, this Court granted judgment on Mr. Walker's claims. The Court held that Mr. Walker did not plead facts that demonstrated that Mr. Walker had standing to assert the claims set forth in the complaint. The Court, however, allowed Mr. Walker leave to amend his complaint so as to demonstrate that he had standing. Mr. Walker then filed a Response to Order Denying in Part Motion of Defendants' for Partial Judgment (the "Response"), which Defendants have treated as an amended complaint.

Now before the Court is Defendants' re-asserted Motion for Partial Judgment on the Pleadings (the "Motion"). For the reasons stated in this memorandum opinion and at the hearing on the Motion, this Court holds that the Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

*Mr. Walker's Contentions*

In his Response, Mr. Walker alleges numerous violations of his Fourth Amendment rights and pursues a civil cause of action against New Castle and Mr. Lloyd under 42 U.S.C. 1983. Mr. Walker contends that he had an expectation of privacy under the Fourth Amendment at 637 Clymer Street because he was attempting to continue to operate his business. Mr. Walker alleges that Defendants had a policy or practice of warrantless searches. Mr. Walker alleges that these warrantless searches occurred between September 23, 2011 and December 6, 2011. Also, Mr. Walker contends that the new owners unlawfully ejected the current residents without obtaining a writ of possession.

Mr. Walker further alleges that despite being denied the right to conduct his business New Castle and Mr. Lloyd continued to prosecute Mr. Walker for exterior code violations. Mr. Walker argues that he had a fourth amendment right to be free to be left alone, from having to go to court, from having to defend against prosecutions and pay fines for code violations because

2

Mr. Walker did not own 637 Clymer Street and New Castle and Mr. Lloyd prevented him from doing business there.

Mr. Walker also alleges that New Castle and Mr. Lloyd violated his Fourteenth Amendment rights to equal protection when Mr. Walker was cited for numerous code violations and prosecutions when other similar homes in Dobbinsville were not. Mr. Walker contends that 637 Clymer was targeted in a campaign of aggressive code enforcement and prosecutions because he housed unrelated disabled persons and other minorities together.

Mr. Walker also alleges disparate treatment under the Delaware Fair Housing Act, the U.S. Fair Housing Act and the Americans with Disabilities act. Mr. Walker contends that the property maintenance code and public nuisance ordinance allowed New Castle and Mr. Lloyd leeway with which to discriminate against minorities' housing rights. Mr. Walker argues that the public nuisance ordinance was a de facto way to seize the building and deny housing.

Mr. Walker also alleges that New Castle's zoning ordinances restricting unrelated adults from living together have a disparate and greater impact on disabled individuals than on non-disabled individuals. Mr. Walker argues that he has third party standing to assert such claims because he is a provider of housing to disabled individuals.

Mr. Walker also alleges a violation of 6 *Del. C.* § 4603. Mr. Walker contends that he suffered harm when New Castle and Mr. Lloyd declared 637 Clymer Street a public nuisance on November 14, 2011. Because 637 Clymer Street had been declared a public nuisance, Mr. Walker contends he could no longer operate his housing business for protected minorities and could no longer collect rent.

*Contentions of New Castle and Mr. Lloyd*

In support of the Motion, New Castle and Mr. Lloyd argue that Mr. Walker's Response deals solely with 637 Clymer Street and provides no additional facts that show he had a legally cognizable interest in the property. The Motion points out that all of Mr. Walker's allegations post-date his loss of the property at Sheriff's sale in July of 2011. Therefore, New Castle and Mr. Lloyd contend that Mr. Walker's Response does nothing to cure his lack of standing. New Castle and Mr. Lloyd also assert that Mr. Walker has not alleged any facts in his Response indicating any other legally cognizable interest in the property, and therefore he has no standing to bring forth any claims relative to 637 Clymer Street.

With regards to Mr. Walker's constitutional claims, New Castle and Mr. Lloyd contend that, as all of the facts pled relate to the property at 637 Clymer Street, his lack of standing also defeats his constitutional claims. Alternatively, New Castle and Mr. Lloyd argue that Mr. Walker's constitutional claims fail independently of the standing issue as well.

With regards to Mr. Walker's state tort claims, New Castle and Mr. Lloyd seek dismissal under Delaware's Municipal Tort Claims Act. New Castle and Mr. Lloyd assert that 10 *Del. C.* § 4012(a) provides the exclusive list of when municipal liability is waived. Under this statute, a governmental entity can be "exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death." New Castle and Mr. Lloyd point out that Mr. Walker does not allege property damage, bodily injury or death, but only claims damages from economic harm. Therefore, New Castle and Mr. Lloyd contend that the Municipal Tort Claims Act bars any state law tort claims of Mr. Walker's. Thus Mr. Walker's claims for slander, libel and defamation must be dismissed.

New Castle and Mr. Lloyd do not move for judgment with regards to any of Mr. Walker's claims asserting violation of the Fair Housing Act regarding 717 Clymer Street. Rather Defendants seek dismissal with prejudice of: (1) all Mr. Walker's claims relative to 637 Clymer Street; (2) all constitutional claims; and (3) all state tort claims.

## STANDARD OF REVIEW

A party may move for judgment on the pleadings pursuant to Superior Court Civil Rule 12(c).[1] "[T]he nonmoving party is entitled to the benefit of any inferences that may fairly be drawn from its pleading."[2] "The motion should be granted when no material issues of fact exist and the movant is entitled to judgment as a matter of law."[3]

## DISCUSSION

### A. STANDING REGARDING 637 CLYMER STREET

The Court holds that Mr. Walker lacks standing for all claims asserted with respect to 637 Clymer Street.

For a plaintiff to have standing:

(1) the plaintiff must have suffered an injury in fact-an invasion *of a legally protected interest* which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[4]

---

[1] The rule provides:
(c) Motion for judgment on the pleadings. -- After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
Del. Super. Civ. R. 12(c).
[2] *Estate of Williams v. Corr. Med. Servs., Inc.*, 09C-12-126, 2010 WL 2991589, at *1 (Del. Super. July 23, 2010).
[3] *Id.*
[4] *Dover Historical Soc. v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003).

Here, Mr. Walker had no legally identifiable interest in the property at 637 Clymer Street after the property was sold in a Sheriff's sale on July 12, 2011. Therefore, Mr. Walker lacks standing for any claims with respect to 637 Clymer Street after that date. All of the allegations in Mr. Walker's Response occurred between September 23, 2011 and December 6, 2011. Also, this Court has dismissed with prejudice any claims relating to 637 Clymer Street occurring before September 23, 2011 as those claims are barred by the statute of limitations. Thus Mr. Walker can make no claims relating to any interest in 637 Clymer Street as there is no point in which his claims are not either barred by the statute of limitations or his lack of standing.

Most importantly, Mr. Walker has failed to allege that he has suffered any damages flowing out of what has happened with respect to 637 Clymer Street after September 23, 2011. At the hearing on the Motion, Mr. Walker stated that he has not been subject to a lawsuit from any tenants of 637 Clymer Street. Mr. Walker also confirmed that he has not otherwise been subjected to pecuniary loss in connection with acts relating to 637 Clymer Street. As Mr. Walker did not own the property at any point in time that is not barred by the statute of limitations and he has shown no injury subsequent to that date, the Motion with regards to any claims involving 637 Clymer Street is hereby **GRANTED**.

## B. CONSTITUTIONAL CLAIMS

Mr. Walker amends his constitutional claims in his Response by making claims under the Fourth Amendment for unreasonable search and seizure and under the Fourteenth Amendment for violations of equal protection. All of the allegations in the response of violations of the Fourth and Fourteenth Amendments are made with respect to 637 Clymer Street. Therefore, as Mr. Walker had no legally cognizable interest in that property during the time period in question, Mr. Walker lacks standing to bring forth those claims.

Mr. Walker's claims under the Fourth Amendment allege that New Castle and Mr. Lloyd violated his expectation of privacy at 637 Clymer Street through various warrantless entries onto the properties. Mr. Walker argues that although he instructed his residents to deny access to the premises, New Castle and Mr. Lloyd were allowed entry. As an out of possession landlord and – subsequently – a former landlord, Mr. Walker would not have any expectation of privacy in any rental property he owned. That expectation of privacy would belong to the tenants at 637 Clymer Street. Further, Mr. Walker did not even own the property during the time in question. For these reasons, the Motion is hereby **GRANTED** with respect to Mr. Walker's claims under the Fourth Amendment.

Although Mr. Walker had no legal interest in the property at the time of his allegations, Mr. Walker does seem to allege violations of the Fourteenth Amendment. Mr. Walker claims that his right to equal protection was violated through a targeted campaign of aggressive code enforcement and prosecutions because he housed unrelated disabled persons and other minorities together. Mr. Walker alleges that similar homes in the area were not subject to similar code violations and prosecutions. However, at the hearing on this motion Mr. Walker could not provide and does not allege that there were any tickets or summons for code violations after the date in which his claims are barred by the statute of limitations. Moreover, Mr. Walker did not provide any instance when New Castle or Mr. Lloyd targeted Mr. Walker after September 23, 2011 or after he no longer owned 637 Clymer Street. Therefore the Motion is **GRANTED** with regards to Mr. Walker's Fourteenth Amendment claims.

## C. STATE LAW TORT CLAIMS

With regards to Mr. Walker's state law tort claims, New Castle and Mr. Lloyd are, under the facts alleged by Mr. Walker, immune from liability under the Delaware Municipal Tort Claims Act.

Under the Act:

(a) Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages. That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted in this subchapter.[5]

Section 4012 outlines the exceptions to this immunity:

A governmental entity shall be exposed to liability for its negligent acts or omissions *causing property damage, bodily injury or death* in the following instances:

(1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.

(2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

(3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.[6]

In his Complaint Mr. Walker sets forth state law claims for slander, libel and defamation. Mr. Walker makes no claims for property damage, bodily injury or death. As Mr. Walker's state law tort claims do not fall into the exceptions to the immunity, his state law tort claims are barred.

---

[5]Del. Code Ann. tit. 10, § 4011 (West)

[6] Del. Code Ann. tit. 10, § 4012 (West)

8

Further, Mr. Walker was ordered to amend these causes of action but has failed to mention them in his Response. As Mr. Walker has failed to amend these causes of action and the causes of action are barred by the Delaware Municipal Tort Claims Act, the Motion is hereby **GRANTED** as to those claims.

### CONCLUSION

Regarding Mr. Walker's claims relative to 637 Clymer Street, Mr. Walker's Constitutional claims and Mr. Walker's state law tort claims, the Court finds that no material issues of fact exist and New Castle and Mr. Lloyd are entitled to judgment as a matter of law. Therefore, the Motion is **GRANTED** as to those claims.

**IT IS SO ORDERED**.

/s/ Eric M. Davis
Eric M. Davis
Judge